UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News :DIVISION

NAILAH HARRIS,
Plaintiff,

v.  Civil Action No. 3:25cv00644

VIRGINIA COMMONWEALTH UNIVERSITY HEALTH SYSTEM AUTHORITY (VCUHS);
JENNIFER FARMER, TCU Director;
STACY COLEMAN, Nursing Home Administrator;
ASHLEY PITTS, Nurse Educator;
ELIZABETH OVERSTREET, Registered Nurse (Supplemental Staffing);
ELLEN DERRY, Interim Chief Nursing Officer;
LISA SNOWA, Manager, Employee Relations;
ANNIE DUNCAN, Employee Relations Partner,
Defendants.

# COMPLAINT FOR DISCRIMINATION, RETALIATION, WRONGFUL TERMINATION, INTERFERENCE WITH PROTECTED RIGHTS, AND RELATED CLAIMS

## INTRODUCTION

Plaintiff, Nailah Harris, brings this action against Virginia Commonwealth University Health System Authority (VCUHS) and the above-named individual defendants for discrimination based on race, sex, age, and disability; retaliation; wrongful termination; interference with rights under the Americans with Disabilities Act (ADA), Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act (ADEA), the Employee Retirement Income Security Act (ERISA), and related state law claims including tortious interference and coercion.

## JURISDICTION AND VENUE

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under federal law, including Title VII, ADA, ADEA, and ERISA. The Court has supplemental jurisdiction over related state law claims under 28 U.S.C. § 1367. Venue is proper under 28 U.S.C. § 1391(b) because Defendants reside in this District and all events giving rise to these claims

1

occurred in Richmond, Virginia.

## PARTIES

Plaintiff, Nailah Harris, is a resident of Hanover County, Virginia, and a former Clinical Coordinator employed by VCUHS.

Defendant VCUHS is a public health system headquartered in Richmond, Virginia, employing more than fifteen employees.

Defendant Jennifer Farmer was the TCU Director during Plaintiff's employment and had direct supervisory authority over Plaintiff.

Defendant Stacy Coleman was the Nursing Home Administrator involved in personnel decisions affecting Plaintiff.

Defendant Ashley Pitts was a Nurse Educator involved in training, oversight, and participation in actions against Plaintiff.

Defendant Elizabeth Overstreet was a Registered Nurse (Supplemental Staffing) involved in incidents forming the basis of Plaintiff's claims.

Defendant Ellen Derry was the Interim Chief Nursing Officer involved in decision-making regarding Plaintiff's employment and accommodations.

Defendant Lisa Snowa was the Manager of Employee Relations and directly blocked Plaintiff's grievance process.

Defendant Annie Duncan was the Employee Relations Partner involved in adverse employment actions against Plaintiff.

## FACTUAL ALLEGATIONS

Plaintiff was hired by VCUHS with a salary exceeding $190,000 annually, plus benefits and a sign-on bonus. Plaintiff earned $145,000 by September 2024 before going on short-term disability. She was cleared to return to work on December 30, 2024, but was denied reinstatement.

Plaintiff made ADA accommodation requests that were ignored or denied. She was coerced to sign a settlement agreement under threat of termination; when she refused, she was terminated. VCUHS falsely reported to the Virginia Employment Commission that she was medically discharged on March 16, 2025, and then reported on May 16, 2025, that she had voluntarily resigned retroactive to May 9, 2025.

These actions interfered with Plaintiff's rights under ERISA by impacting her medical, dental, and vision coverage valued at approximately $320 biweekly. Defendant Lisa Snowa

2

blocked Plaintiff's grievance process entirely.

After Plaintiff filed an EEOC complaint, Defendants retaliated by hiring four older white individuals into comparable roles and rejecting Plaintiff's ten internal applications, despite her qualifications. These acts were carried out by the named individual defendants in their respective roles.

The detailed narrative of discriminatory, retaliatory, and coercive acts is attached as Exhibit A (Plaintiff's Amended EEOC Statement) and incorporated herein by reference.

As a direct result of Defendants' conduct, Plaintiff has suffered economic losses, emotional distress, PTSD, loss of professional reputation, and blacklisting within her field.

### Count I – Race Discrimination (Title VII, 42 U.S.C. § 1981)
Plaintiff incorporates all preceding paragraphs as if fully set forth herein. Defendants' conduct constitutes unlawful race discrimination (title vii, 42 u.s.c. § 1981) in violation of the cited statutes and common law, causing Plaintiff damages.

### Count II – Sex Discrimination (Title VII)
Plaintiff incorporates all preceding paragraphs as if fully set forth herein. Defendants' conduct constitutes unlawful sex discrimination (title vii) in violation of the cited statutes and common law, causing Plaintiff damages.

### Count III – Age Discrimination (ADEA)
Plaintiff incorporates all preceding paragraphs as if fully set forth herein. Defendants' conduct constitutes unlawful age discrimination (adea) in violation of the cited statutes and common law, causing Plaintiff damages.

### Count IV – Disability Discrimination (ADA)
Plaintiff incorporates all preceding paragraphs as if fully set forth herein. Defendants' conduct constitutes unlawful disability discrimination (ada) in violation of the cited statutes and common law, causing Plaintiff damages.

### Count V – Retaliation (Title VII, ADA, ADEA, § 1981)
Plaintiff incorporates all preceding paragraphs as if fully set forth herein. Defendants' conduct constitutes unlawful retaliation (title vii, ada, adea, § 1981) in violation of the cited statutes and common law, causing Plaintiff damages.

### Count VI – ERISA Interference (29 U.S.C. § 1140)
Plaintiff incorporates all preceding paragraphs as if fully set forth herein. Defendants' conduct constitutes unlawful erisa interference (29 u.s.c. § 1140) in violation of the cited statutes and common law, causing Plaintiff damages.

### Count VII – Wrongful Termination (federal and state law)

Plaintiff incorporates all preceding paragraphs as if fully set forth herein. Defendants' conduct constitutes unlawful wrongful termination (federal and state law) in violation of the cited statutes and common law, causing Plaintiff damages.

### Count VIII – Tortious Interference with Contractual/Business Expectancy (state law)

Plaintiff incorporates all preceding paragraphs as if fully set forth herein. Defendants' conduct constitutes unlawful tortious interference with contractual/business expectancy (state law) in violation of the cited statutes and common law, causing Plaintiff damages.

### Count IX – Coercion (state law)

Plaintiff incorporates all preceding paragraphs as if fully set forth herein. Defendants' conduct constitutes unlawful coercion (state law) in violation of the cited statutes and common law, causing Plaintiff damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment against Defendants for:

1. Back pay, lost wages, and lost benefits from December 30, 2024 to present;
2. Front pay for loss of future earnings due to blacklisting;
3. Compensation for emotional distress, mental anguish, and loss of enjoyment of life;
4. Costs of continued therapy and medical treatment related to job-induced PTSD;
5. Value of lost medical, dental, and vision benefits;
6. Attorney's fees and litigation costs pursuant to Title VII, ADA, ADEA, and ERISA;
7. Punitive damages in an amount sufficient to punish and deter similar conduct;
8. Injunctive relief, including but not limited to reinstatement, restoration of benefits, removal of adverse employment records, and prohibiting further retaliation;
9. Any other relief deemed just and proper by the Court.

Plaintiff seeks damages in an amount not less than $5,000,000.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Nailah Harris
Pro Se Plaintiff
8020 Ellendale Drive
Mechanicsville, VA 23116

(804) 466-0522  
Nailah.HarrisBSN@outlook.com  
Date: _August 12, 2025_

**Attachment to JS-44 – List of Defendants**

1. Jennifer Farmer
2. Stacy Coleman
3. Ashley Pitts
4. Elizabeth Overstreet
5. Ellen Derry
6. Lisa Snowa
7. Annie Duncan